No. 775.

EDWARD M. MILLARD *v.* JOHN F. SMITH, Administrator, et als.

25  491
111  364
25  491
113  454

The language: "I have no objection to the payment of the within note," is unambiguous, and the testimony to establish something else than is imported by the language, was properly excluded.

Besides, such an indorsement, as above mentioned, on the note of a deceased per on, was not an engagement on the part of the administratrix of the estate to pay the debt. This is immaterial, however, as the note was prescribed at the time of said indorsement.

Parol evidence is inadmissible to prove an acknowledgment or promise of a deceased person to pay a debt, in order to interrupt prescription.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *T. H. Lewis,* acting judge. Jury trial. *Martel & Hudspeth,* for plaintiff and appellant. *Bailey & Estelette,* for defendants and appellees.

LUDELING, C. J. This is an action against the administrator of the succession and the heirs of Clemence Guilbeau for two thousand dollars, and interest from twenty-ninth of April, 1859, on the grounds that Clemence Gilbeau had assumed the payment of a note executed by her deceased husband for said sum, and that she had also rendered herself liable for the debt by disposing of property belonging to the succession at private sale, and by otherwise intermeddling with the property of the succession ; and that the heirs had also rendered themselves liable personally for the debt by appropriating property of the succession to their own uses, as well as by promises to pay the debt.

The answers severally contain a general denial and the plea of prescription of five years.

The case was tried by a jury who found a verdict in favor of the defendants : judgment was rendered accordingly, and after an ineffectual effort to obtain a new trial, the plaintiff appealed.

On the trial the plaintiff offered witnesses to prove what Clemence Guilbeau said at the time of and before the signing of the acknowledgment on the note, which was objected to. But the bill of exceptions does not inform us what the objections were, except so far as we can infer them from the reasons of the judge pro tempore for sustaining them. He says : "The words, 'I have no objection to the payment of the within note,' and signed by Clemence Guilbeau in her private capacity, leaves in doubt the question as to whether the signer intended to bind herself in her personal or in her fiduciary capacity ; there is, therefore, a latent ambiguity. Any statement by the signer made previously or subsequently, and made in reference to the signing, is admissible to explain the ambiguity. Vague statements, not having direct reference to the indorsements are not admissible." To this ruling the plaintiff excepted. If by the above statement the judge pro tempore meant that it was competent to prove

what was said at the time of signing the acknowledgment or before,. in order to show whether Clemence Guilbeau signed it in her fiduciary capacity or not, we fail to perceive the importance of the evidence; for, in either event, there is no assumption to pay the debt. If, on the other hand, it was meant that the terms of the indorsement are ambiguous, and the testimony was intended to explain it, we can not concur in this view.

The language—"I have no objection to the payment of the within note"—is unambiguous, and the testimony to establish something else than is imported by the language, was properly excluded.

Another bill of exception was taken to the ruling of the judge receiving the testimony of the plaintiff on the grounds that a promise to pay the debt of another can not be proved by parol, and that parol evidence is inadmissible to prove anything against or beyond what is contained in the written indorsement on the note. The judge received the testimony on the ground that it was intended to explain some ambiguity in the writing. We have already said that we do not perceive any ambiguity in the indorsement. The objections should have been sustained. The statute of 1858, R. S. 2820, provides that "parol evidence shall not be received to prove any promise to pay the debt of a third person," etc. The object of the evidence was obviously to prove such a promise or undertaking. Groves v. Scott, 23 An., 690.

And it was intended to prove something beyond, and different from the written act of the deceased. Article 2276 of the Civil Code declares. that parol evidence shall not "be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, nor since."

The plaintiff offered to prove by parol that certain payments were made, at dates indicated by indorsements made on the note, by the plaintiff and holder, with a view to establish an interruption of prescription. This was objected to on the ground that parol evidence was inadmissible to prove an acknowledgment or promise of a deceased person to pay a debt in order to interrupt prescription. The objection. was correctly sustained. In succession of Heldebrandt, we said: "The act of 1858, referred to, requires a certain kind of evidence to establish the express renunciation of prescription. We apprehend the same character of evidence is required to establish the fact creating the presumption of acknowledgment, or tacit renunciation." 21 An. 351; 23 An. 549, Broussard v. Breaux, and 23 An. 531, Pavy v. Escoubas.

On the merits we think the judgment of the lower court correct. The indorsement on the note is not an engagement on the part of Clemence Guilbeau to pay the debt. And whether it be regarded as an acknowledgment of the debt of the succession which she was administering, or not, it is immaterial, as at the time it was made, the

note was prescribed. An administrator can not revive a debt already. extinguished by prescription. 21 An. 373; 23 An. 194, Flanner v. Lecompte et al. Neither did Clemence Gilbeau render herself liable for the debt by intermeddling. She was the regularly appointed administratrix of the estate, and could not, therefore, have been an intermeddler. The plea of prescription must be maintained.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.